# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 21-10099
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua William Jackson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-196-1

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Joshua William Jackson, federal prisoner # 54191-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a compassionate release reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10099

We construe Jackson's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Jackson fails to show an arguable abuse of discretion in the denial of compassionate release. *See id.*; *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In denying Jackson's motion, the district court considered the 18 U.S.C. § 3553(a) factors, specifically citing Jackson's criminal history, the nature of his offense conduct, his original below-guidelines sentence, and the need to protect the public. Jackson argues that the district court should have accounted for a purported error in its application of the Sentencing Guidelines at the time he was sentenced and for his post-sentencing rehabilitation. Although he may disagree with how the district court balanced the § 3553(a) factors, Jackson has not shown that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693-94.

Accordingly, we DISMISS Jackson's appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

2